UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

IBRAHIM AHMADOUN,

               Defendant.

No. 12-cr-120 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Ibrahim Ahmadoun requests a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic. (Doc. No. 350.) For the reasons discussed below, Ahmadoun's motion is DENIED.

## I.    Background

In 2011, while working as a flight coordinator in Antwerp, Belgium, Ahmadoun agreed to use his position to smuggle approximately 1,000 kilograms of cocaine through customs at the Antwerp airport on behalf of a drug trafficking organization operating in the Dominican Republic. (Presentence Investigation Report ("PSR") ¶¶ 11, 13–14, 19, 20.) Following his arrest and extradition to the United States, Ahmadoun pleaded guilty on December 22, 2016, to one count of conspiracy to possess cocaine on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 959(b)(2), 963. (PSR ¶ 3; Doc. No. 300.)

On July 5, 2017, Ahmadoun appeared for sentencing, at which time the Court calculated a Sentencing Guidelines' range of 135 to 168 months' imprisonment. (Sentencing Tr. at 12.) Turning to the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court noted that Ahmadoun seemed less culpable than some co-conspirators, while also stressing that Ahmadoun "played an

important role" in a crime designed "to bring a thousand kilograms" of "poison" into Europe, where the narcotics were likely to result in overdose deaths and certain to victimize people with crippling addictions. (*Id.* at 44–45, 47.) After carefully considering Ahmadoun's personal and family circumstances, including his lack of criminal history and the fact that he has children in Europe whom he had not recently seen (*id.* at 45, 47, 52), the Court ultimately concluded that a below-Guidelines sentence of 100 months was sufficient, but not more than necessary, to meet the objectives of sentencing, including accounting for the "enormity of this criminal conduct and the harms that could have been caused had [it] been successful." (*Id.* at 49.) Ahmadoun is currently incarcerated at FCI Ray Brook (Doc. No. 351), and is projected to be released on November 2, 2022 (Doc. No. 350).

On December 14, 2020, Ahmadoun filed an application with the warden of his prison facility, requesting a compassionate release pursuant to 18 U.S.C. § 3582, which was later denied. (Doc. No. 350; Doc. No. 350-3.) On February 16, 2021, Ahmadoun, through counsel, moved the Court to reduce his sentence because of the current COVID-19 pandemic, his preexisting ailments, and the generally unsafe conditions in the prison presented by the virus. (Doc. No. 350.) The government opposed the request, noting that Ahmadoun does not presently suffer from medical problems that put him at a heightened risk of a severe case of COVID-19, that the prison has taken robust measures to curb the spread of COVID, and that the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction in any event. (Doc. No. 354.) Ahmadoun replied to the government on April 9, 2021. (Doc. No. 355.)

## II.     Analysis

It is well-established that a court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Roberts*, No. 18-cr-528-5 (JMF), 2020 WL

1700032, at *2–3 (S.D.N.Y. Apr. 8, 2020). Section 3582(c)(1)(A) provides one such exception, permitting a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Here, Ahmadoun argues that the COVID pandemic, coupled with his underlying health conditions, merits a sentence reduction. The Court disagrees.

To start, the Court is not persuaded that Ahmadoun has an "extraordinary and compelling" reason for a sentence reduction. Though Ahmadoun emphasizes his high cholesterol, pre-diabetic condition, poor kidney function, and the possibility that his recent recovery from pneumonia may reflect an undiagnosed health condition (Doc. No. 350), many of these assorted ailments have subsided or appear to be not as serious as he claims. Ahmadoun's blood test results indicate that he has elevated glucose, sodium, potassium, and cholesterol levels, but none of the results was "clinically significant." (Doc. No. 354-1.) And while Ahmadoun once had a heightened Hemoglobin A1c level – an indicator of pre-diabetes – these levels apparently normalized by June of 2020. (*Id.*) At any rate, Ray Brook seems to have the virus under control: It appears that none of the inmates at the facility currently has COVID-19, and over half of the inmate population there has been fully vaccinated. *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (visited July 6, 2021); *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (visited July 6, 2021). These conditions do not amount to an "extraordinary and compelling" reason that would justify a sentencing reduction.

But even assuming Ahmadoun could establish a compelling and extraordinary reason for a sentencing reduction, countervailing factors nevertheless compel denial of his motion here. As

noted above, before granting a motion for compassionate release, the Court must assess the § 3553(a) sentencing factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 5913312, at *2 (S.D.N.Y. May 13, 2020) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)). Those sentencing factors include (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

Here, the § 3553(a) factors compel the Court to deny Ahmadoun's motion. As the Court emphasized at sentencing, this crime was "enormous" since it "involved a plan to bring a thousand kilograms" of "poison" into Europe, where it "certainly was going to affect someone's family, lots of families," and victimize people who have a "crippling addiction" or who might overdose. (Sentencing Tr. at 44–45.) Although Ahmadoun had no prior criminal history, tried to make amends by cooperating with authorities, and was likely at a low risk of recidivism, the Court recognized the need for general deterrence and the fact that a shorter sentence simply would "not do justice" given the seriousness of the crime. (*Id.* at 47–49.) Anything less than the sentence originally imposed would undermine the important interests identified by the Court during the original sentencing proceeding. *See United States v. Sanchez*, No. 08-cr-789 (RJS), 2020 WL 4742916, at *3 (S.D.N.Y. June 17, 2020). Accordingly, the Court remains firmly convinced that 100 months is an appropriate sentence for Ahmadoun's crime.

### III. Conclusion

For the reasons set forth above, Ahmadoun's motion for compassionate release is DENIED.

SO ORDERED.

Dated: July 6, 2021
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation